Nott, J.
From the course of argument which has been pursued in this case, there are two questions for the consideration of the court:
1st. Whether the declaration upon its face shews a sufficient cause of action to entitle the plaintiff to recover?
2nd. Whether the testimony adduced supported the allegations contained in the declaration?
In an action for a malicious prosecution it is necessary to set forth in the declaration that the prosecution was at an end. (Smith vs. Shackleford, 1 Nott & M‘Cord 36.) And also to shew in what manner it was terminated. That is to sny, whether by an acquittal of the plaintiff on trial by the rejection of the bill by the grand jury or by a noli prosequi or arrest of judgment? The three last methods do not necessarily put an end to the prosecution; because the defendant may still be proceeded against. It is necessary therefore to state that he was finally discharged. All these requisites are to me sufficiently apparent on the face of this declaration. It is contended that it is not sufficient to state that he was discharged, but that it should have been stated expressly that he was discharged by the order or judgment of the court; and I believe the precedents are usually in that form. But it appears to be implied in the allegation, that he was, “ wholly *464 discharged therefrom, as by the records and proceedings thereof remaining in the said court appears.” There is no other way that he could be discharged, but by the order of court; and withoutit his discharge could not appear of record. But at most it was but an error in form and ought to have been taken advantage of by demurrer, and. was cured by pleading to the merits. It was no ground for a nonsuit; for the facts being explicitly stated and issue taken upon them the plaintiff was entitled to a verdict if they were true. (1 Saunders 223, n. (1) 1 Chitty's Pleading 401-2. 5 Com. Dig. 376. Tit. Pleader C. 85. Avery vs. Hoole, Cowp. 825. Rushtord vs. Aspinal, Doug. 679.) Judge Buller says, in the case of Morgan and Hughes, (3 D. & E. 225,) that “alleging that he was discharged by the grand jury’s not finding a bill would shew a legal end to the prosecution.” (See State vs. Smith, 1 Nott & M‘Cord 13.)
But, secondly, it is contended that the proof did not support the allegation in the declaration. That the declaration alleges that he was acquitted, whereas the proof was that the grand jury found no bill against him, which was not, in contemplation of law, an acquittal. And in support of that ground, the case of Thomas vs. De Graffenreid (2 Nott & M'Cord, 143,) is relied on. But that case is very distinguish* able from this. In that case it was set forth in the declara» tion that the plaintiffhad been acquitted without specifying in what manner. The court held that “ acquittal” was a technical word which meant acquitted on trial by a petit jury, and being used without any qualification must be understood in its technical sense; And therefore shewing that the grand jury had rejected the bill did not support the declaration. But in the case now under consideration it is stated, that he was “ acquitted by the grand jury’s finding no bill.” The manner of acquittal is set out in such a way as to shew that it was not intended to be used in its technical sense. And, ah though, when a . technical word is used without any qualification the court will give it its technical meaning, yet when *465 it is accompanied with such qualifications as shew that it was intended to be understood in a different sense, it will be taken with such qualifications. And although the declaration may not be drawn in the most technical form, I do not know that the facts could have been set out with more precision. If it had been “ discharged” instead of“ acquitted” it is admitted that it would have been sufficient. And in common parlance I think “ acquitted” is as clearly expressive of the idea intended to be conveyed, as discharged. It is frequently used in that sense by the best pleaders, as will be seen by reference to the precedents. Chitiy, giving the form ofa declaration for maliciously charging the plaintiff of felony before a justice of the peace and causing him to be imprisoned on a warrant, until he was discharged by the justice, concludes with saying, “the said justice adjudged and determined that the said A. B. (the prisoner) was not guilty of the said supposed offence, and then and there caused the said A. B. to be discharged out of custody fully acquitted and discharged.” (2 Chitty’s Plead. 250-1.) It is not unusual to find it in all legal proceedings used in its vulgar sense, and it is only when it is used in reference to proceedings which seem to require that it should receive a technical application, and then without any qualification, that the court will be bound to understand it in that sense. I think, therefore, that the alligations are liter, ally supported by the testimony, and that the cause ought to have been sent to the jury.
O’JYeal &f Earle for the motion.
P. Farrow contra.
The nonsuit is, therefore, set aside and a new trial granted.